UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD FISHER,                )
                               )
          Plaintiff,           )
                               )
     v.                        )   Civil Action No. 09-1910 (RJL)
                               )
ISAAC FULWOOD, JR. *et al.*,   )
                               )
          Defendants.          )

MEMORANDUM OPINION
March __9__, 2012

Plaintiff, a District of Columbia prisoner currently confined at the United States Penitentiary Lee in Jonesville, Virginia, commenced this civil action against two commissioners and two employees of the United States Parole Commission ("Commission") under 42 U.S.C. § 1983. Plaintiff alleges that the Commission erred when it initially calculated his parole-eligibility, or "grid," score under its guidelines implemented in 2000 instead of under the 1987 regulations of the defunct District of Columbia Parole Board as interpreted by the 1991 policy guideline. Framing his claim as a violation of the *ex post facto* and due process clauses of the United States Constitution, plaintiff seeks as relief a rehearing under the 1987 regulations in accordance with the 1991 policy guideline and a reduction in his grid score by one point.

In light of the Court's ruling issued on March 27, 2011, only the *ex post facto* claim against the Commission and defendant Paul R.A. Howard remains to be resolved. *See Fisher v. Fulwood*, 774 F. Supp. 2d 54, 58, 61 (D.D.C. 2011) (dismissing the due process claim and the personal-capacity claim against defendant P. Denton). In their pending motion to dismiss, defendants argue that this claim is moot because plaintiff has "twice received the relief he seeks." Defs.' Mem. of P. & A. in Support of Their Mot. to Dismiss Pl.'s Compl. [Doc. # 35] at 1.

Indeed, the Commission's Notice of Action dated July 2, 2009, states that "the Commission is applying the DC Board of Parole's 1987 guidelines to the initial parole decision in your case," Defs.' Ex. A at 1, and its Notice of Action dated July 25, 2011, states "[y]ou continue to be scored under the 1987 guidelines of the D.C. Board of Parole."[1] Defs.' Ex. C at 1. Defendants argue correctly that even if the initial hearing examiner, defendant Howard, relied on the 2000 guidelines as plaintiff alleges, plaintiff cannot prevail on his claim because the Commission did not rely on Howard's decision but rather adopted the recommendation of Executive Reviewer Denton to "decide [plaintiff's initial hearing] using the DC Board parole regulations." Defs.' Ex. E at 5; *see* Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. to Dismiss [Doc. # 38] at 3.

To the extent that plaintiff's claim against Howard in his personal capacity has survived, *see Fisher*, 774 F. Supp. 2d at 60-61, the Court now finds that the claim fails because plaintiff cannot establish an injury for which Howard may be held personally liable. Even if Howard erroneously applied the 2000 guidelines, his recommendation was overruled – and essentially rendered moot – by the Commission's adoption of Denton's recommendation to apply the 1987 regulations.

---

[1] "In 1991, the D.C. Board of Parole adopted a policy guideline to define the terms used in the appendices to the 1987 Regulations (the "1991 Policy Guideline")." *Short v. Fulwood*, 742 F. Supp. 2d 133, 135 (D.D.C. 2010) (citing *Sellmon v. Reilly*, 551 F. Supp. 2d 66, 71 (D.D.C. 2008)) (parenthesis in original). To the extent that plaintiff is claiming that the Commission "improperly applied [the 1987 regulations] without reference to the 1991 guidelines," *Fisher*, 774 F. Supp. 2d at 59, he states no claim under the *ex post facto* clause because he "is seeking, not complaining about, the retroactive application of the 1991 Policy Guideline." *Short*, 742 F. Supp. at 136; *see id.* (reasoning that "[t]o fall within the *ex post facto* prohibition, a law must be retrospective—that is, 'it must apply to events occurring before its enactment'—and it 'must disadvantage the offender affected by it.'") (quoting *Lynce v. Mathis*, 519 U.S. 433, 441 (1997)) (other citation omitted). Here, the *ex post facto* claim is necessarily predicated on the alleged application of the Commission's 2000 guidelines to plaintiff's parole proceeding.

Plaintiff counters that "[i]t is quite clear, the defendants . . . did not apply the 1987 Regulations and 1991 Policy Guideline in plaintiff's initial parole hearing determination . . . ," and he claims to "have provided factual evidence . . . ." Pl.'s Mot. in Opp'n to the Defs.' Mot. to Dismiss Pl.'s Compl. [Doc. # 36] at 8. He cites "Exhibit B," but there is no such designation in the attachment to his opposition and plaintiff's claim is otherwise belied by the Commission's notices of action.

For the foregoing reasons, the Court finds that the remaining *ex post facto* claim is moot and, therefore, grants defendants' motion to dismiss under Rule 12(b)(1) of the Federal Rules Civil Procedure. *See Hunter v. Reilly*, 405 Fed. Appx. 514, 515 (D.C. Cir. 2011) ("Because appellant obtained all the relief to which he was entitled when the United States Parole Commission conducted a new parole hearing applying the D.C. Board of Parole's 1987 and 1991 guidelines, the district court properly dismissed his case as moot."); *Kaur v. Chertoff*, 296 Fed. Appx. 80 (D.C. Cir. 2008) ("If this case is [rendered] moot, we are barred from reviewing it under Article III's case or controversy requirement and therefore lack subject matter jurisdiction.") (citation omitted); *see also Short v. Fulwood*, 742 F. Supp. 2d 133, 135 (D.D.C. 2010) (If an *ex post facto* violation is found, "a prisoner would be entitled [only] to a new parole hearing and a determination based on the 1987 Regulations."). In addition, the Court, finding no claim stated against Howard in his personal capacity, grants defendants' motion to dismiss the complaint against Howard under Rule 12(b)(6). A separate, final order accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge